UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Judge Leinenweber |
| | Magistrate Judge Denlow |
| DANIEL SPITZER, et al. | Civil Action No. 10 C 3758 |
| Defendants. | |

**PLAINTIFF'S MOTION FOR DISMISSAL OF ITS CLAIMS FOR
DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTIES
AGAINST ENTITY DEFENDANTS AND
FOR ENTRY OF FINAL JUDGMENT AGAINST ENTITY DEFENDANTS**

Plaintiff, the United States Securities and Exchange Commission (the "Commission") moves for the dismissal of all claims of monetary relief asserted by the Commission against Kenzie Financial Management, Inc. ("Kenzie Financial"); Draseena Funds Group, Corp. ("Draseena"); Kenzie Services LLC ("Kenzie Services"); Aneesard Management LLC ("Aneesard"); Nerium Management Co. ("Nerium"); DN Management Co. LLC ("DN"); Arrow Fund, LLC; Arrow Fund II, LLC; Nerium Currency Fund, LP; Conservium Fund, LLC; Senior Strength Q Fund, LLC; Three Oaks Senior Strength Fund, LLC; Three Oaks Fund, LP; Three Oaks Currency Fund, LP; Three Oaks Advanced Fund, LLC; Three Oaks Fund 25, LLC; USFirst Fund, LLC; and SSecurity Fund, LLC (referred to collectively as the "Entity Defendants"). The

Commission also moves for an entry of final judgment against the Entity Defendants. In support of its Motion the Commission states as follows:

1. On June 17, 2010, the Commission filed its Complaint against Daniel Spitzer ("Spitzer") and the Entity Defendants. (Docket No. 2).

2. On December 6, 2010, the Court entered an order of permanent injunction against the Entity Defendants and a final judgment against Spitzer. (*See* Docket No. 73). The Order also required Spitzer to pay disgorgement in the amount of $33,988,102, plus prejudgment interest of $10,093,866, and a civil penalty of $150,000. (*See id.* at 6). In addition, the Order froze all funds and other assets of Spitzer and the Entity Defendants until completion of the collections process or as otherwise ordered by the Court. (*See id.* at 7).

3. On February 10, 2011, a criminal indictment was filed against Spitzer in the U.S. District Court for the Northern District of Illinois alleging eight counts of mail fraud. A superseding indictment was filed on September 28, 2011, which added additional counts and an additional defendant. The criminal indictment arises out of the same conduct underlying this litigation. The indictment includes a claim for forfeiture of Spitzer's assets. Spitzer has pled not guilty and is currently awaiting trial.

4. The Entity Defendants, which were all owned and/or controlled by Spitzer, are now defunct and no longer operational, and many have ceased to exist as corporate or partnership entities.

5. Further, any disgorgement, prejudgment interest and civil penalties obtained against the Entity Defendants would be duplicative of the monetary judgment obtained against Spitzer and the forfeiture being sought in the criminal case.

6. If the Court allows for the dismissal of the monetary claims against the Entity Defendants, then all claims in this matter will be resolved. Thus, final judgments of permanent injunction, consistent with the December 6, 2010 orders of permanent injunction, should be entered against the Entity Defendants.

WHEREFORE, the Commission respectfully requests that the Court enter an order (1) dismissing the Commission's claim for disgorgement and prejudgment interest against the Entity Defendants; (2) dismissing the Commission's claim for civil penalties pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)] against Draseena, Kenzie Financial, Nerium Management, Aneesard and DN Management, each party to bear its own cost; (3) dismissing the Commission's claim for civil penalties pursuant to Section 209(e) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-9(e)] against Kenzie Financial, each party to bear its own costs; and (4) that the Court enter final judgments of permanent injunction against each of the Entity Defendants.

Dated: November 22, 2011

Respectfully Submitted,

U.S. SECURITIES AND
EXCHANGE COMMISSION

By: /s/Natalie G. Garner
One of its Attorneys

James G. Lundy
Natalie G. Garner
U.S. Securities and Exchange Commission
Chicago Regional Office
175 West Jackson Blvd.
Chicago, Illinois 60604
(312) 353-7390

## **CERTIFICATE OF SERVICE**

I, Natalie G. Garner, an Attorney for Plaintiff Securities and Exchange Commission, hereby certify that on November 22, 2011, I caused true and correct copies of the foregoing to be served upon the following via overnight mail:

    Daniel Spitzer
    32 Ketterling Court
    North Barrington, IL 60010

    Kenzie Financial Management, Inc.
    Kenzie Services, LLC
     c/o Daniel Spitzer
    32 Ketterling Ct., North Barrington, IL 60010

    Draseena Funds Group, Corp.
    Nerium Management Co.
     c/o Ben M. Roth, Esq.
    Kamensky Rubinstein Hochman & Delott, LLP
    7250 N. Cicero Avenue, Suite 200
    Lincolnwood, IL 60712

    Aneesard Management LLC
    DN Management Co. LLC
    Arrow Fund, LLC
    Arrow Fund II LLC
    Conservium Fund, LLC
    Nerium Currency Fund, LLC
    Senior Strength Q Fund, LLC
    SSecurity Fund, LLC
    Three Oaks Advanced Fund, LLC
    Three Oaks Currency Fund, LP
    Three Oaks Fund, LP
    Three Oaks Fund 25, LLC
    Three Oaks Senior Strength Fund, LLC
    US First Fund, LLC
     c/o Alling & Jillson, Ltd.
    276 Kingsbury Grade
    Suite 2000
    Stateline, NV 89449

          /s/ Natalie G. Garner
Natalie G. Garner
Attorney for Plaintiff
U.S. SECURITIES AND
EXCHANGE COMMISSION
175 W. Jackson Blvd., Ste. 900
Chicago, IL  60604
garnern@sec.gov
Telephone:  (312) 353-7390
Facsimile:  (312) 353-7398